IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02216-KAS

MARIA RODRIGUES BARBOSA,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States,

      Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] (the "Petition"), which was filed by Maria Rodrigues Barbosa ("Petitioner"). The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed an Answer [#8] (the "Response"). The parties have each consented to this Court's jurisdiction. *Consent to Jurisdiction* [#6]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

## I.    Background

Petitioner, Maria Rodrigues Barbosa, is a citizen of Brazil who has been in immigration detention since approximately April 16, 2025. *Pet.* [#1] ¶ 1. At the time of

filing her Petition, Petitioner was detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id*.

Petitioner states that she entered the United States in October 2018 and that she has resided in the country ever since. *Id*. ¶¶ 1, 20. There is no indication that Petitioner has ever been arrested, apprehended or detained at any time between 2018 and her April 16, 2025 detention or that she has otherwise ever been charged with any crime. *See generally Petition* [#1]; *Response* [#8]. Petitioner requested that she be granted bond before an immigration judge in June 2025, but the judge found that the immigration court lacked jurisdiction to grant Petitioner bond. *Pet.* [#1] ¶ 22.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Resp.* [#8] at 2. Petitioner raises several arguments as to why her continued detention is illegitimate, including arguing that Respondents have violated her Fifth Amendment due process rights by not providing her with a constitutionally adequate bond hearing, *see Pet.* [#1] ¶¶ 34-38; that the Government's application of § 1225(b) in her case violates the Immigration and Nationality Act because Petitioner is instead entitled to a bond hearing under § 1226(a), *see Pet.* [#1] ¶¶ 39-42; and that Respondents have violated the Administrative Procedures Act by failing to permit Petitioner a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1003.19. *See Pet.* [#1] ¶¶ 43-47. Petitioner has sued Juan Baltazar, the Warden of the Denver Contract Detention Facility; George Valdez, the acting Field Office Director for the Denver Field Office for Immigrations and Customs Enforcement ("ICE"); Todd M. Lyons, the Acting Director of ICE; Markwayne Mullin, the Secretary of the Department of Homeland Security; and Todd Blanche, the Acting United

States Attorney General. *Id*. ¶¶ 15-19. Each individual defendant is sued in his official capacity. *Id*.

This matter is ripe for disposition. While Petitioner asks for oral argument, *see Petition* [#1] at 1, the Court deems oral argument unnecessary because the issues presented are not unique or novel as compared to the many other petitions filed in this District since at least October 2025. Moreover, because the issues are fundamentally legal in nature, the Court can decide the matters on the papers. *See Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

Petitioner's due process claim turns on whether Respondents may properly detain her pursuant to § 1225(b) such that she is not entitled to a bond hearing. The Court

summarizes the relevant statutory framework before turning to the issues raised in the Petition.

**A.    Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who
> arrives in the United States (whether or not at a designated port of arrival

and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

**B.    Application**

Respondents cursorily state that their position is that § 1225(b)(2) requires Petitioner's detention such that she is not entitled to a bond hearing. *Resp.* [#8] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*., referring to *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, 2026 WL 1282807 (D. Colo. May 11, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Resp.* [#8] at 3. Moreover, the Court notes that Respondents have cited no source of law binding on the Court in perfunctorily arguing that the court should reconsider its prior ruling.

The Court agrees with Respondents that its analysis in *Kumar* also governs here. And Respondents have provided no reason to revisit that ruling. The Court therefore

refers the parties to its analysis in *Kumar*, finding that the analysis provided in that case also applies here. Accordingly, Petitioner is entitled to a bond hearing because her continued detention without a bond hearing violates her due process rights.

## C.      Appropriate Remedy

Petitioner only argues in the alternative that she should receive a bond hearing and principally avers that she should instead be immediately released. *See, e.g.*, *Pet.* [#1] ¶¶ 6, 24, 25, 33, 38, 42. However, as the Court explained in *Kumar*, "§ 1226(a) 'does not require release,' but instead 'provides DHS the discretion to grant an alien release on bond[.]" *Kumar*, 2026 WL 1471424 at *5 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). Moreover, Petitioner advances no developed argument as to her claimed entitlement to immediate release. In the absence of any developed argument to the contrary, the appropriate relief here, as in *Kumar*, is a bond hearing. Accordingly, the Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community." *Loa Caballero*, 2025 WL 2977650, at *9.

Finally, the court notes that at the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Kumar*, 2026 WL 1471424 at *5 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

## IV.     Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

6

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 12, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 22, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: June 4, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge